Consolidated

## IN THE SUPERIOR COURT
## OF GUAM

FILED
SUPERIOR COURT
OF GUAM

THE PEOPLE OF GUAM,                )    CRIMINAL CASE No. CF 0311-12
                                   )
                                   )
            v.                     )    **DECISION AND ORDER**
                                   )
                                   )
JON CARSON LE FEVER,               )
                                   )
            Defendant.             )
                                   )

### INTRODUCTION

This matter is before the Honorable Judge Michael J. Bordallo. The People of Guam are represented by Assistant Attorney General Teri C. Tenorio. The Defendant was represented by Assistant Public Defender Richard S. Dirkx. Having reviewed the memorandum and papers presented, the Court now issues the following decision, granting Defendant's motion for leave to file motions late.

### BACKGROUND

On August 01, 2013, Defendant filed a paper entitled, Notice of Motion and Motion for Leave of Court to File Motions Late. In it Defendant requests that the Court allow him to file a motion after the date of the Court-ordered motion deadline. His motion is supported by a one-paragraph memorandum that cites to his Sixth and Fourth U.S. Constitutional Amendment rights.

### DISCUSSION

Section 65.15 of Title 8 of the Guam Code regulates the filing of motions in a criminal matter. It provides, "[a]ny defense, objection or request which is capable of determination without the trial of the general issue may be raised before trial by motion. Motions may be written or oral at the discretion of the judge." 8 GCA § 65.15.

On its face Section 65.15 delegates the regulation of written or oral motions to the discretion of the trial judge hearing the matter. To explain its minimum requirements the Court looks to the requirements imposed upon other papers and motions. The majority of all other motions brought before the Superior Court are regulated by Rule 7 of the Guam Rules of Civil Procedure. Rule 7 provides,

> An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.

*Id.* at 7(b)(1). Interpreting this rule the Guam Supreme Court has held that a party's failure to assert the grounds for its request may warrant denial. *In re Estate of Concepcion*, 2003 Guam 12 (Sup. Ct. Guam 2003). In 2008 the Guam Supreme Court explained the burden a moving party bears when requesting relief. *Id.*

The *Lamb* court held that "In order to conduct a meaningful review, the parties must articulate their arguments in a way that allows this court to apply recognized rules of law: It is not sufficient for a party 'simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments . . . .'" *Lamb v. Hoffman*, 2008 Guam 2, ¶¶ 34-36 (Sup. Ct. Guam 2008). Upon review of the Court's decision in *Lamb* and the facial requirements of Rule 7 the Court finds that the *Lamb* Court's interpretation applies equally to criminal motions.

In this case the Court is not persuaded that the Defendant has met the minimum moving requirements of a written motion. 8 GCA § 65.15. Although Defendant asserts he is entitled to his rights under 4th and 6th Amendments to the U.S. Constitution, he fails to: assert or argue the applicable rule allowing for his request; analyze and argue how any facts supporting his request apply to a recognized standard which merits the relief he requests; and provide any papers verifying or supporting his material facts.

Absent the Defendant providing this information the Court is left to, "to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments." *Lamb*, 2008 Guam 2, ¶¶ 34-36. Placing such a burden upon the Court undermines the ideals of due process and fairness.

Defendant is hereby placed on notice of the above standard and the Court's intention to apply it to the papers brought before it. In light of the People's non opposition and the discretion granted to the Court the Defendant is allowed a reprieve from the application of the above standard.

### CONCLUSION

Based on the foregoing, the Court grants Defendant's request for leave to file late motions. The Government shall have until September 5th, 2013, to file its opposition to Defendant's Motion to Dismiss the Indictment. Defendant shall have until September 12th, 2013, to file his reply.

SO ORDERED, this _____ day of _____ 2013.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

AUG 2 0 2013

Glenn J. Mendiola
Deputy Clerk, Superior Court of Guam